UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JAY LAMKIN, an individual residing in Idaho,<br><br>      Plaintiff,<br><br>      v.<br><br>Officer CALEB HUTCHINSON, an individual officer of CDA Police; MICHAEL SAMUEL SHEETS, an individual agent/employee of Defendant(s); CITY OF COEUR D'ALENE, IDAHO, a municipality of Idaho; and COUNTY OF KOOTENAI, IDAHO, a county of Idaho,<br><br>      Defendants. | Case No. 2:23-cv-00273-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is Defendant Michael Sheets' Motion to Dismiss (Dkt. 17).

For the reasons explained below, the Court will deny the motion.

## BACKGROUND

Plaintiff Jay Lamkin filed this lawsuit after he was arrested and charged with

Resisting a Public Officer and Trespass in Kootenai County, Idaho. *See Compl.*

**MEMORANDUM DECISION AND ORDER - 1**

¶ 3.28, Dkt. 2-1. In short, he believes that he was wrongfully targeted for exercising his First Amendment rights, and that he suffered various deprivations of rights during his detention, arrest, and prosecution. *Id.*

Originally, Lamkin asserted claims against five defendants: Caleb Hutchinson, a Coeur d'Alene Police Officer; Michael Sheets, a bus driver; the City of Coeur d'Alene; the County of Kootenai; and the Tribe of Coeur d'Alene. *Id.* ¶¶ 1.2–1.6. These included tort claims for defamation, intentional infliction of emotional distress, assault and battery, and false imprisonment, and Section 1983 claims for a First Amendment violation, use excessive force and unlawful arrest, and malicious prosecution. *See id.* Four of Lamkin's claims are directed at Defendant Michael Sheets: defamation, intention infliction of emotional distress, assault, and the § 1983 First Amendment claim. *See id.* ¶¶ 4.1–4.6, 5.1–5.7, 6.1–6.5, & 8.1–8.7.

On July 13, 2023, Lamkin filed a Notice of Dismissal voluntarily dismissing all claims against the Tribe of Coeur d'Alene, because the Tribe had asserted its sovereign immunity. *Notice*, Dkt. 7. The following day, the Court entered an order recognizing the automatic effect of Lamkin's Notice under Federal Rule of Civil Procedure 41(a)(1)(A) and directing the Clerk of Court to dismiss the Tribe from this case. *Order Re: Notice of Dismissal*, Dkt. 11.

MEMORANDUM DECISION AND ORDER - 2

Sheets later filed a Motion to Dismiss (Dkt. 17) on September 14, 2023, arguing that, as an employee of the Tribe, he is covered by its sovereign immunity and should therefore also be dismissed under Federal Rule of Civil Procedure 12(b)(1) and/or 12(b)(6). Dkt. 17. The Motion is now fully briefed and ripe for decision.

## LEGAL STANDARD

Indian tribes have inherent sovereign authority over their members and territories. *Acres Bonusing, Inc. v. Marston*, 17 F.4th 901, 907 (9th Cir. 2021). "A core attribute of sovereignty is immunity from suit." *Id.* (citing *Alden v. Maine*, 527 U.S. 706, 716–17 (1999)). Thus, lawsuits against tribes are barred in the absence of "a clear waiver by the tribe or congressional abrogation." *Okla. Tax Comm'n v. Citizen Band Potawatomi Indian Tribe,* 498 U.S. 505, 509 (1991).

Tribal sovereign immunity extends to tribal officers and employees under certain circumstances. *See Acres Bonusing*, 17 F.4th at 908. As the Ninth Circuit has explained, the key question is whether the tribe or the individual is the "real party in interest." *Id.* That, in turn, is determined through a "remedy-focused analysis," *Pistor v. Garcia*, 791 F.3d 1104 (9th Cir. 2015), which asks "whether the remedy sought is truly against the sovereign" or the individual. *Lewis v. Clarke*, 581 U.S. 155, 162 (2017); *see also Jamul Action Comm. v. Simermeyer*,

974 F.3d 984, 994 (9th Cir. 2020). If an action is only *nominally* brought against an individual, yet a tribe would be "legally bound by the court's adverse judgment," the action is treated as essentially against the tribe and is therefore barred by tribal immunity. *Acres Bonusing*, 17 F.4th at 908–09 (quoting *Lewis*, 581 U.S. at 165). This ensures that a plaintiff cannot "circumvent tribal immunity through 'a mere pleading device.'" *Cook v. AVI Casino Enters., Inc.*, 548 F.3d 718, 727 (9th Cir. 2008) (quoting *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70–71 (1989)).

However, tribal officials and employees are not "immunized from individual-capacity suits arising out of actions they took in their official capacities[.]" *Maxwell v. Cnty. of San Diego*, 708 F.3d 1075, 1088 (9th Cir. 2013) (quoting *Native Am. Distrib. v. Seneca–Cayuga Tobacco Co.*, 546 F.3d 1288, 1296 (10th Cir. 2008)). Indeed, the Ninth Circuit has consistently allowed claims for damages against tribal employees. *See, e.g.*, *Pistor*, 791 F.3d at 1114 (affirming denial of motion to dismiss individual-capacity claims); *Maxwell*, 708 F.3d at 1088 (reversing dismissal of individual-capacity claims); *Acres Bonusing*, 17 F.4th at 910 (same). Thus, if the plaintiff's remedy would not require the tribe "to do or pay anything," the tribe is not the "real party in interest, and tribal sovereign immunity does not apply." *Acres Bonusing*, 17 F.4th at 910.

Tribal sovereign immunity is a "quasi-jurisdictional" defense that "may be

raised in either a Rule 12(b)(1) or 12(b)(6) motion." *San Luis Obispo Coastkeeper v. U.S. Dep't of the Interior*, 394 F. Supp. 3d 984, 993 (N.D. Cal. 2019), *aff'd*, 827 F. App'x 744 (9th Cir. 2020) (quoting *Sato v. Orange Cnty. Dep't of Educ.*, 861 F.3d 923, 927 n.2 (9th Cir. 2017)). Under Rule 12(b)(1), the "the party asserting subject matter jurisdiction has the burden of proving its existence, i.e. that immunity does not bar the suit." *Pistor*, 791 F.3d at 1111 (citing *Robinson v. United States*, 586 F.3d 683, 685 (9th Cir. 2009)). Additionally, in determining jurisdiction, courts need not assume the truthfulness of the plaintiffs' allegations and may consider extraneous evidence. *Id.*

## DISCUSSION

Sheets argues that he is shielded from this lawsuit under tribal sovereign immunity. Lamkin does not contest that Sheets is an employee of the Coeur d'Alene Tribe, or that Sheets' relevant conduct occurred while he was acting within the scope of his employment. Lamkin instead argues that because he is suing Sheets in his individual capacity, Sheets cannot use tribal immunity as a liability shield. The Court agrees.

Sheets points the Court to the Complaint's caption, the dismissed allegations of vicarious liability against the Tribe, and the language of Lamkin's Settlement Offer. *See Def.'s Memo. in Supp.*, Dkt. 17-1; *Def.'s Reply* at 5–7, Dkt. 19.

According to Sheets, these indicate that Lamkin is suing him only in his official capacity. But the Court will not take such a myopic approach. As the Ninth Circuit has explained, courts must look to the "essential nature and effect of the relief sought" to determine whether a defendant is sued in his individual or official capacity. *Pistor*, 791 F.3d at 1113 (quoting *Maxwell*, 708 F.3d at 1087–88). Here, Lamkin's Complaint details the specific conduct of Sheets underlying his tort claims and Lamkin expressly asserts individual liability against Sheets twice in the Complaint. *See Compl.* ¶ 4.5, Dkt. 2-1 ("Accordingly, Defendants Sheets provided a false police report that led to the events described above and is liable for defamation."); *id.* ¶ 6.4 ("Defendant Sheets is therefore liable for assault."). Sheets is not merely a "nominal defendant" who is named for the purpose of circumventing tribal immunity. *Cf. Cook*, 548 F.3d at 727 (plaintiff sued tribal employees "in name" only but actually "[sought] recovery from the tribe.").

For support, Sheets primarily relies upon two Ninth Circuit cases: *Acres Bonusing, Inc. v. Marston*, 17 F.4th 901 (9th Cir. 2021), and *Cook v. AVI Casino Enterprises, Inc.*, 548 F.3d 718 (9th Cir. 2008)). In *Acres Bonusing*, the court reversed the dismissal of claims against numerous tribal employees, holding that tribal immunity does not shield tribal employees from individual-capacity lawsuits—even when an employee acts within the scope of his employment. 17

F.4th at 908–11 (citing *Lewis*, 581 U.S. 155). In *Cook*, the Ninth Circuit reached the opposite result. *Cook*, 548 F.3d at 727. The court affirmed the dismissal of claims against two tribal employees because those employees were sued "in name" only, and the plaintiff was actually seeking relief from the Tribe itself. *Id.*

Neither *Acres Bonusing* nor *Cook* supports the dismissal of Lamkin's claims against Sheets. As explained above, Sheets is more than a nominal defendant, so he cannot use tribal immunity as a liability shield. Lamkin voluntarily dismissed his claims against the Tribe, so as it currently stands, the Complaint asserts only personal liability against Sheets, not vicarious liability against the Tribe. Thus, a straightforward application of the Ninth Circuit's "remedy-focused analysis" dictates that Lamkin's claims of personal tort liability against Sheets should not be dismissed. *Pistor*, 791 F.3d at 1113.

Sheets also requests dismissal of Lamkin's Section 1983 claim against him because "Sheets is not an employee of Kootenai County." *Def.'s Memo. in Supp.* at 2, Dkt. 17-1. Lamkin responds that the CityLink bus system where Sheets works is "operated jointly by the County and Tribe," and that the identity of Sheets' employer "is not entirely flushed out, to date." *Pl.'s Resp.* at 3–4, Dkt. 18. Without more information, the Court cannot determine whether Sheets was an employee of Kootenai County at the relevant time. Accordingly, Lamkin's Section 1983 claim

against Sheets will not be dismissed at this stage. [1]

Lamkin requests an award of attorney fees and costs he incurred in defending against Sheets' Motion to Dismiss. The Court disagrees with Lamkin's characterization of the motion as "frivolous" and will deny his request.

## ORDER

**IT IS ORDERED that** Defendant Michael Sheets' Motion to Dismiss (Dkt. 17) is **DENIED** as set forth in this Order.

DATED: January 4, 2024

B. Lynn Winmill
U.S. District Court Judge

---

[1] Although Sheets moves for dismissal under both Rule 12(b)(1) and Rule 12(b)(6), he has raised only a tribal immunity defense. Thus, beyond resolving the immunity defense, the Court will not *sua sponte* analyze whether the claims are otherwise plausible under Rule 12(b)(6).