UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JAY LAMKIN,<br><br>  Plaintiff,<br><br>  v.<br><br>Officers CALEB HUTCHINSON, an individual officer of CDA Police; MICHAEL SAMUEL SHEETS, an individual agent/employee of Defendant(s); CITY OF COEUR D'ALENE, a municipality of Idaho; and COUNTY OF KOOTENAI, IDAHO, a county of Idaho,<br><br>  Defendants. | Case No. 2:23-cv-00273-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

# INTRODUCTION

Before the Court is Defendant Michael Sheet's Motion for Attorney Fees (Dkt. 48). Plaintiff Jay Lamkin did not file a response. For the reasons described below, the Court will grant the Motion.

# BACKGROUND

The Court discussed the facts of this case at length in the Memorandum Decision and Order issued on December 23, 2024, and will review them only briefly. Lamkin brought this action following an altercation at a Coeur D'Alene

bus station in February 2021. Lamkin, acting as a self-described "First Amendment auditor," approached Sheets' bus holding a video camera and with his face fully concealed in a balaclava. He stood just outside the bus, refused to answer when asked if he wanted a ride, and soon began insulting Sheets and the bus passengers. Sheets, concerned that Lamkin might be injured if the bus drove away, eventually called the police for assistance departing the station. Lamkin was arrested for trespassing.

Lamkin subsequently sued Sheets for defamation, intentional infliction of emotional distress, assault and battery, and violation of First Amendment rights. Lamkin also sued the City of Coeur D'Alene, the County of Kootenai, and a Coeur D'Alene police officer based on events that occurred after the police arrived.[1] Following extensive discovery, all defendants moved for summary judgment. Sheets also requested reasonable attorneys' fees. Resolution of the motions was delayed due to Lamkin's late and overlong responses. In December 2024, the Court granted summary judgment for defendants on all claims. The Court also awarded reasonable attorney fees to Sheets because Lamkin's claims were unreasonable.

Sheets then timely filed this Motion for Attorney Fees, seeking an award of

---

[1] Lamkin additionally named the Tribe of Coeur D'Alene—Sheets' employer—as a defendant, but the Tribe was dismissed after invoking sovereign immunity.

$112,412.50. Lamkin did not respond.

## LEGAL STANDARD

Under 42 U.S.C. § 1988, the "prevailing party" in a lawsuit brought under § 1983, may recover reasonable attorney fees. Courts typically award attorney fees only to prevailing plaintiffs, a one-way fee-shifting designed to incentivize civil rights litigation. *See Newman v. Piggie Park Enterprises, Inc.*, 390 U.S. 400, 402 (1968) (per curiam). A defendant, however, can receive a fee award "upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421 (1978). In such cases, the award serves "to protect defendants from burdensome litigation having no legal or factual basis." *Id.* at 420. When a plaintiff brings a mix of frivolous and non-frivolous claims, a defendant can recover "fees incurred because of, but only because of, a frivolous claim." *Fox v. Vice*, 563 U.S. 826, 836 (2011).

After calculating recoverable fees, the court must determine whether those fees are reasonable. Courts in the Ninth Circuit utilize the two-step "lodestar method" for this determination. The first step is to determine whether the hourly rate and the hours expended by the attorneys were reasonable. *Id.* at 433. The burden is on the party seeking the fees to document and "submit evidence in support of those hours worked." *Gates v. Deukmejian*, 987 F.2d 1392, 1397-98

(9th Cir. 1992). But the court generally defers to the prevailing lawyer's professional judgment as to how much time the case required—"after all, he won, and might not have, had he been more of a slacker." *Moreno v. City of Sacramento,* 534 F.3d 1106, 1112 (9th Cir. 2008). The hourly rate and the hours expended are then multiplied for an initial estimate of the award. *Hensley*, 461 U.S. at 433. The resulting "lodestar figure" is a presumptively reasonable fee. *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1202 (9th Cir. 2013).

Second, the court considers whether to adjust the lodestar figure based on the *Kerr* factors. *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (1975), sets out twelve factors to consider in an award of attorneys' fees. Many of these factors, however, are subsumed in the initial lodestar calculation—for instance "the time and labor required" and "the novelty and difficulty of the questions involved"— and need not be reconsidered. *Morales v. City of San Rafael*, 96 F.3d 359, 363-64 & n.8-9 (9th Cir. 1996). Remaining factors include (1) the customary fee; (2) time limitations imposed by the client or the circumstance; (3) the "undesirability" of the case; (4) the nature and length of the professional relationship with the client, and (5) awards in similar cases. *Id.* at 363-64, n.8-9.

## ANALYSIS

1. **Frivolous Claims**

Sheets is undisputably the prevailing party, and the Court has already found

that all Lamkin's claims against him were unreasonable. As explained in the order granting summary judgement:

> [T]he tort claims border on the absurd. The First Amendment claim is less of an insult to the legal system but still patently unjustified in fact and law. And though it does not bear on the decision to award attorney fees, the Court also notes that Lamkin's counsel's failure to meet deadlines and respect page limits has needlessly prolonged this litigation and added to the fees incurred by Sheets.
>   Sheets was simply trying to do his job as a bus driver when Lamkin arrived and began his stream of insults and harassment. Sheets' behavior in response to this pointless and aggressive confrontation was eminently reasonable. It is unfortunate that he has been embroiled in this baseless lawsuit for the last year and a half, and it would be unjust to make him to pay the attorney fees that he incurred as a result of Lamkin's conduct.

Dkt. 45 at 21-22.

Accordingly, Sheets may recover reasonable fees incurred defending each of Lamkin's claims.

## 2. Lodestar Figure

Sheets seeks an award of $112,412.50. This represents 398 hours of work, billed at no more than $325 per hour. *See Dec. of Peter Smith* ¶ 10, Dkt. 48-2.[2]

The Court finds that counsel's hourly rate was reasonable. In assessing the rate, the Court must consider the "experience, skill and reputation of the attorney

---

[2] A total of six attorneys worked on Sheets' case over two years: Peter Smith, IV, Tara Malek, Katie Daniel, Kolby Reddish, McKenzie Lawrence, and Nathan Sergeant. They each charged $325 per hour, except Ms. Malek, who charged $250. Legal interns who worked on the case charged $150 per hour, and legal assistants charged $100 per hour.

requesting fees," *Trevino v. Gates*, 99 F.3d 911, 924 (9th Cir. 1996), as well as "the prevailing market rates in the relevant community," *Blum v. Stenson*, 465 U.S. 886, 895 (1984). Lamkin has not objected to the requested rates, and the rates are adequately supported in Sheets' declarations and briefing.

The Court also finds that hours expended were reasonable. Lamkin brought four distinct claims against Sheets, each of which necessitated careful parsing of video footage. The case also involved substantial discovery, and it required communication and coordination among the many defendants. Further, as already noted, Lamkin's failure to follow procedural rules resulted in otherwise needless motions practice. Lamkin has not objected to any of the time entries, and Sheets' counsel has provided sufficient explanation of the time spent.

Accordingly, the lodestar figure is $112,412.50. Neither party has offered any reasons for departing from this presumptively reasonable amount. The Court will, therefore, award Sheets $112,412.50 in attorney fees.

## ORDER

**IT IS ORDERED that:**

1. Defendant Sheet's Motion for Attorney Fees (Dkt. 48) is **GRANTED**. Defendant Sheets is awarded attorneys' fees of $112,412.50.


DATED: March 24, 2025

_____
B. Lynn Winmill
U.S. District Court Judge